BRYAN v. CARROLL et al.

(Supreme Court, Appellate Division, Third Department.   November 13, 1907.)

1. VENDOR AND PURCHASER—REMEDIES OF VENDOR—FORECLOSURE OF INTER-
EST OF PURCHASER.
    Intestate, being in possession of land under the owner, on January 24,
1881, made a contract under seal with a mortgagee's executrix, whereby
the executrix agreed to sell and convey the land to him for a fixed sum on
her purchasing at foreclosure sale, and intestate agreed to secure said
price by mortgage on receiving the deed.   Intestate and his heirs have had
possession ever since.   In May, 1881, the executrix purchased the land
under foreclosure, but did not receive a deed, though entitled to it.   She
died in 1886.   In 1888 the executrix's daughter acquired all interests of
the mortgagee's estate and his executrix's estate in the contract, and in
1890 received a deed under the foreclosure.   In 1886 intestate owed a
balance of $419.58 on the contract, and since then he and his heirs have
occupied the land without compensation.   The executrix, her daughter,
and the daughter's executor have offered to fulfill the contract, and the
executor is able and willing to perform the same, but intestate and his
heirs have refused to perform their part or to relinquish possession.   Held,
that the executor may sue to foreclose intestate's heirs' interest in the
land, and have the land sold for the amount due the executor; the fact
that the daughter received the deed being inconsequential, if irregular,
since she and her successor have held the title for intestate's heirs' benefit.

2. EXECUTORS AND ADMINISTRATORS—FORECLOSING MORTGAGE—AUTHORITY TO
DISPOSE OF PROPERTY.
    As incidental to a mortgagee's executrix's authority to foreclose the
mortgage, she could dispose of the property which came to the estate
through the foreclosure.

3. VENDOR AND PURCHASER—CONTRACT—MUTUALITY.
    Where one contracted to sell land to be acquired at foreclosure sale,
and became the equitable owner and capable of conveying the property,
and the purchaser was in possession under the contract and made pay-
ments thereon, the vendor became obligated to fulfill the contract, and
the contract is mutually enforceable, though at first it may have lacked
mutuality on the ground that the vendor did not absolutely bind herself to
convey.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Pur-
chaser, §§ 17–20.]

Appeal from Special Term, Saratoga County.

Action by William W. Bryan, individually, and as Susan W. Bry-
an's executor, against Patrick H. Carroll, John M. Carroll, and others.
From an interlocutory judgment overruling a demurrer to the com-
plaint, defendant John M. Carroll appeals.   Affirmed, with leave to
withdraw demurrer and serve an answer.

The demurrer challenges the complaint, on the ground that it does not state
facts sufficient to constitute a cause of action, the judgment demanded is that
the defendants be barred and foreclosed of all right, claim, and equity of
redemption in certain real estate described in the complaint, and that the
said real estate be sold to satisfy the amount due the plaintiff by reason of
the facts alleged.   Such facts chronologically stated are substantially as fol-
lows:  In 1868 Daniel Moore executed to William L. F. Warren a mortgage
on said real estate.   Thereafter Patrick J. Carroll went into possession of
said premises under said Moore, and was so in possession on January 24,
1881, when the contract hereafter described was executed.   In 1875 said Wil-
liam L. F. Warren died, leaving a last will and testament wherein Eliza War-

ren and John A. Bryan were named as executors, and wherein all his residuary estate was devised and bequeathed to his widow, said Eliza Warren, for life, with the remainder after her death to her two daughters, Susan W. Bryan and Elizabeth B. W. Westcott. Letters testamentary under said will were issued to said Eliza Warren in the year 1875, but not at that time to said John A. Bryan, the other executor named in the will. In 1880 Eliza Warren, as such executrix, instituted an action for the foreclosure of said mortgage, making said Patrick J. Carroll a defendant therein. Pending such action, and on January 24, 1881, said Eliza Warren and said Patrick J. Carroll made a contract under seal, whereby said Eliza Warren was to sell and convey to said Carroll, for a price therein specified, the said premises when she should complete the foreclosure of the said mortgage thereon, and should become the owner of the premises by purchase at the foreclosure sale, and said Carroll was to remain in the possession of said premises and execute a bond and mortgage to the said Eliza Warren for the amount he agreed to pay therefor on receiving from her the deed provided by said agreement. In furtherance of said last-mentioned contract, the said Carroll entered into and remained in possession of such premises until he died intestate in August, 1886, and since that time his heirs at law, of whom the appellant is one, have remained in such possession. In May, 1881, said Eliza Warren became the purchaser of said premises under the judgment of foreclosure entered in the action to foreclose said mortgage as aforesaid, but did not receive a deed of said premises, although entitled thereto. In 1886 said Eliza Warren died, leaving a last will and testament, wherein she devised and bequeathed all of her estate to said Susan W. Bryan, and appointed William W. Bryan and said Susan W. Bryan executors thereof, which will was admitted to probate and the executors therein qualified as such. In 1888 letters testamentary under the will of said William L. F. Warren, deceased, were issued to John A. Bryan, the remaining executor named in said will after the death of said Eliza Warren. In 1888 said Elizabeth B. W. Westcott, by an instrument under seal, assigned and transferred to said Susan W. Bryan all her right, title, and interest in and to said contract between said Eliza Warren and Patrick J. Carroll, and at the same time said John A. Bryan, as executor of the will of William L. F. Warren, deceased, and said Susan W. Bryan and William W. Bryan, as executors of the will of Eliza Warren, deceased, by an instrument under seal, ratified and confirmed the said assignment of the said Elizabeth B. W. Westcott to said Susan W. Bryan, and also assigned and conveyed to said Susan W. Bryan all interests which the said estates separately and respectively had in and to such contract. In 1890 said Susan W. Bryan received the deed of said premises under the judgment in the said foreclosure action. In 1899 said Susan W. Bryan died, leaving a last will and testament, wherein the plaintiff said William W. Bryan was named as executor and empowered with the sale of real estate, which will has been duly admitted to probate and letters testamentary issued to said William W. Bryan. It is further alleged in the complaint that while in possession of said premises under said contract of January 24, 1881, and from that time down to October 4, 1886, said Patrick J. Carroll made payments on account of the said contract and became entitled to credits for the value of services, so that at the latter date there was due from him on account of said contract $419.58, no part of which has been paid, and that since said last-mentioned date of October 4, 1886, he and those claiming under him have occupied the said premises without compensation, and that said Eliza Warren prior to her death and said Susan W. Bryan after she received the deed of said premises as aforesaid, and the plaintiff since her death, have offered to fulfill said contract, and that the plaintiff is now able and willing to perform the same, but that the said Patrick J. Carroll, and since his death his heirs, have refused to perform the same or to relinquish possession of the premises, although in occupation thereof.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James W. Swanick, for appellant.
Charles C. Lester, for respondent.

COCHRANE, J. No personal claim is made against the defendants, but plaintiff is seeking to recover out of the property an amount which the demurrer admits to be unpaid on said contract of January 24, 1881.

That the foregoing facts vest the plaintiff with a good cause of action for the relief sought admits of no doubt. Although Mrs. Warren did not receive the deed under the foreclosure sale, she became entitled thereto, and was the equitable owner of the property by virtue of such sale. The delivery of the deed to her was a mere formality, and, so far as the facts appear, she could at any moment have possessed herself of the same. The rights of the parties as they then existed were that Carroll by virtue of such contract of January 24, 1881, became the equitable owner of the property and entitled to a deed thereof from Mrs. Warren, and all that the latter had were such rights as she acquired under said contract. The failure of the parties to consummate such contract was not her fault. According to the complaint, she was able to perform her contract with Carroll, and offered to do so. Carroll recognized the contract by remaining in possession thereunder and making payments on account thereof. His successors cannot very well claim that there was a failure to perform on the part of Mrs. Carroll. When she died, therefore, the equitable status of the parties was that Carroll was entitled to a deed of the property, and Mrs. Warren had only such rights as were accorded to her by said contract. Whether such rights belonged to her individually or as the representative of the estate of William L. F. Warren, deceased, in either event they were duly assigned to Susan W. Bryan, plaintiff's testatrix, by the representatives of the estates both of William L. F. Warren and Eliza Warren, respectively, and thereby plaintiff's right to enforce such contract becomes unquestioned. We need not indulge in any refinement of reasoning as to who, strictly speaking, should have received the deed of the property after Mrs. Warren's death. Under her contract with Carroll, she in her lifetime became entitled thereto only for the purpose of transferring the title to him. The deed under the foreclosure judgment might have been executed directly to him in consummation of such contract on his complying with the terms thereof. It was, in fact, executed to Susan W. Bryan, who had succeeded to the rights of Mrs. Warren in said contract, and who recognized Carroll's right to the property, and held the title for his benefit and offered to convey it to him. No other person had any right to the deed, save in confirmation of his title. If no deed had been executed, it would not change the situation under the circumstances here appearing, but the court would establish the rights of the parties according to their contract. The fact that Mrs. Bryan received the deed, even if irregular, is inconsequential, in view of the fact that both she in her lifetime and her successor, since her death, held the title for the benefit of Carroll and his successors. The allegation in the complaint that the residuary legatees under the will of William L. F. Warren, deceased, became entitled on the death of Mrs. Warren to a deed of the said premises is not

a statement of fact, but a conclusion of the pleader, which, if erroneous, may be disregarded.

It is suggested that Mrs. Warren was not authorized to make the contract in behalf of her decedent's estate, or to dispose of the property. As incidental to her authority to foreclose the mortgage, she also had power to dispose of the property which came to the estate and which was a part thereof by virtue of such foreclosure, and which stood in the place of the mortgage.

It is further urged that, as the contract was to be effective only in case Mrs. Warren should complete the foreclosure of the mortgage and become the purchaser of the property at the foreclosure sale, she did not absolutely bind herself to convey the property to Carroll, and that hence the contract lacked mutuality. When Mrs. Warren became the equitable owner and capable of conveying the property and Carroll was in possession thereof under the contract and made payments thereon, she became obligated to fulfill the contract, and from that time forward, irrespective of the prior status of the parties, the contract has been mutually enforceable. The appellant may not retain possession of the property without responding to the corresponding obligations resting upon him. The only relief plaintiff seeks herein is of an equitable nature. With a perfect claim of right under the contract he is endeavoring to enforce, and with the appellant in possession of the property without a shadow of right thereto, save under such contract, a plain case is presented to a court of equity for such relief as is sought.

The interlocutory judgment should be affirmed, with costs and with leave to the appellant, on payment of such costs and of the costs in the court below, to withdraw the demurrer and serve an answer. All concur.